UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN GALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00275-JPH-MJD |
| | ) | |
| T. J. WATSON, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR PRELIMINARY INJUNCTION**

This action is based on the denial of Brian Gale's requests as a prisoner at the U.S. Penitentiary at Terre Haute to meet with a specific visitor. Although the Court identified a broad range of plausible claims at screening, it granted the defendants' motion to dismiss on September 9, 2022. Dkt. 53. The Court has set a deadline for Mr. Gale to amend his complaint, acknowledging that he may have plausible claims for injunctive relief on narrower grounds. Dkt. 53.

Mr. Gale filed a motion for preliminary injunction on July 7, 2022. Dkt. 49. The parties completed briefing on that motion before the Court ruled on the motion to dismiss. Dkts. 50, 51. There is no longer an actionable complaint, and the legal framework of the case will change substantially once an amended complaint is in place. This erects two legal barriers to granting a preliminary injunction at this time.

First, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S.

1

212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). With no complaint in place—and therefore with no claims proceeding—the Court cannot award preliminary injunctive relief tailored to Mr. Gale's claims.

Second, to obtain a preliminary injunction, the plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). "A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020).   Whether Mr. Gale can show a likelihood of success on the merits will depend on the claims presented in his amended complaint.

Accordingly, the motion for preliminary injunction, dkt. [49], is **denied without prejudice**. Mr. Gale may file a new motion after filing his amended complaint as previously directed.

**SO ORDERED.**

Date: 10/3/2022

James Patrick Hanlon  
United States District Judge  
Southern District of Indiana

Distribution:

BRIAN GALE
91098-083
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov