UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRIAN GALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00275-JPH-MJD |
| | ) | |
| T. J. WATSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT**

The Court screened Brian Gale's civil rights complaint on October 25, 2021, and found several plausible claims for damages and injunctive relief based on constitutional and statutory theories. Dkt. 13. On September 9, 2022, the Court granted the defendants' motion to dismiss those claims but afforded Mr. Gale an opportunity to file an amended complaint asserting a single claim for injunctive relief. Dkt. 53.

Mr. Gale has now filed his amended complaint, dkt. 63. Because Mr. Gale is a prisoner, the Court must screen his amended complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Gale is a prisoner of the U.S. Penitentiary at Terre Haute (USPTH). In 2020, he met Mary Wilson, who volunteered with a community group that visited USPTH inmates. Ms. Wilson later terminated her service with the community group due to health concerns. However, she and Mr. Gale still wish to visit.

Mr. Gale sought to arrange visits with Ms. Wilson, but the prison administrators denied his requests, purportedly due to a U.S. Bureau of Prisons policy that prohibits inmates from receiving visits from individuals with whom they had no relationship before incarceration. An exception permits visits by community groups, but the administrators determined that this exception does not apply because Mr. Wilson no longer belongs to the community group.

Mr. Gale asserts that the prison administration has denied his requests to visit with Ms. Wilson due to racial or religious discrimination. He identifies himself as African American and Muslim and Ms. Wilson as white and Christian. Mr. Gale alleges that the prison administrators have explicitly stated that they do not condone interracial relationships.

## III. Conclusion

This action **will proceed** with a Fifth Amendment claim for injunctive relief against USPTH Warden T.J. Watson in his official capacity. The **clerk is directed** to **terminate** all other defendants from the docket.

The action will continue to proceed according to the schedule at dkt. [67].

**SO ORDERED.**

Date: 12/9/2022

                                           James Patrick Hanlon
Distribution:                             United States District Judge
                                           Southern District of Indiana

BRIAN GALE
91098-083
TERRE HAUTE – USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov